1
2
3
4
5
6
7
8                       UNITED STATES DISTRICT COURT

9                    SOUTHERN DISTRICT OF CALIFORNIA

10   HODA SAYYADINEJAD and              )   Civil No.07cv0631 JAH (LSP)
     ALIREZA SERVATI,                   )
11                                      )
                     Plaintiff,         )   ORDER GRANTING
12   v.                                 )   DEFENDANTS' MOTION TO
                                        )   DISMISS [Doc. No. 3]
13   MICHAEL CHERTOFF, Secretary, et.   )
     al.,                               )
14                                      )
                     Defendants.        )
15   _____ )

16                          **INTRODUCTION**

17          On April 9, 2007, Plaintiffs Hoda Sayyadinejad and her spouse Alizera Servati

18   (collectively "Plaintiffs") filed a complaint pursuant to 28 U.S.C. § 1331, 28 U.S.C. §

19   1361, 28 U.S.C. § 1651, and 5 U.S.C. § 701 et seq., seeking to have Defendants Michael

20   Chertoff, Secretary of the Department of Homeland Security, Emilio Gonzalez, Director

21   of the U.S. Citizenship and Immigration Services ("USCIS"), Paul Pierre, District Director

22   of the Department of Homeland Security, and Alberto Gonzales, the United States

23   Attorney General (collectively "Defendants"), adjudicate Plaintiff Sayyadinejad's

24   application to adjust her status to that of a lawfully admitted permanent resident.   On

25   June 6, 2007, Defendants filed a motion to dismiss for lack of subject matter jurisdiction.

26   On June 12, 2007,   Plaintiffs filed an opposition to Defendant's motion to dismiss.   On

27   July 30, 2007,  Defendants filed a reply.

28          On August 13, 2007, the Court exercised its discretion to decide this matter on the

                                                                            07cv0631

1  papers, without oral argument, pursuant to Local Civil Rule 7.1(d)(1).  For the following

2  reasons, the Court GRANTS Defendants' motion to dismiss.

3                                                    **BACKGROUND**

4          In February 2003, Plaintiff Servati, a citizen of the United States, filed a visa

5  petition to bring his then fiancée, now wife, Plaintiff Sayyadinejad into the United States

6  with a fiancee visa under 8 U.S.C. § 1101(a)(15)(k). Complaint at ¶ 4.  On March 9, 2004,

7  Plaintiff Sayyadinejad was issued a visa by the Department of State.  On April 27, 2004,

8  Sayyadinejad and Servati were married.  Decl. Victoria Porto at ¶ 9.  Plaintiff Sayyadinejad

9  applied for adjustment of status on June 25, 2004, and was interviewed by the USCIS

10 office in Chula Vista, California in November of 2004. Complaint at ¶ 5.   Since the

11 interview, Plaintiff Sayyadinejad has made multiple inquiries  regarding her adjustment of

12 status application. Complaint at ¶ 6.   To date, the application has not been adjudicated,

13 because the required background checks are incomplete.  Decl. Victoria Porto at ¶ 10.

14                                                    **DISCUSSION**

15 **I.     Legal Standards**

16         **A.     Fed. R. Civ. P. 12(b)(1)**

17         Defendants have moved to dismiss Plaintiffs' entire suit under Rule 12(b)(1) of the

18 Federal Rules of Civil Procedure for lack of subject matter jurisdiction.  Federal courts are

19 courts of limited jurisdiction without general subject matter jurisdiction.  See Kokkonen

20 v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377  (1994).  They can adjudicate only

21 those cases which the Constitution and Congress authorize them to adjudicate.  See id.

22 Federal courts are presumptively without jurisdiction over civil actions and the burden of

23 establishing the contrary rests upon the party asserting jurisdiction.  See id.; see also Stock

24 West, Inc. v. Confederated Tribes of the Colville Reservation, 873 F.2d 1221, 1225 (9th

25 Cir. 1989).

26         A motion to dismiss for lack of subject matter jurisdiction may be "facial" or

27 "factual."  See Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).

28 In a facial attack, the challenger asserts that the allegations contained in a complaint are

                                                          2

insufficient on their face to invoke federal jurisdiction, whereas in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction.  See id.  If the defendant brings a facial attack, a district court must assume that the factual allegations in the complaint are true and construe them in the light most favorable to the plaintiff. See United States v. One 1997 Mercedes E420, 175 F.3d 1129, 1130-31 & n.1 (9th Cir. 1999); see also Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003).  A Rule 12(b)(1) motion will be granted if, on its face, the complaint fails to allege grounds for federal subject matter jurisdiction as required by Rule 8(a) of the Federal Rules of Civil Procedure.  See Warren v. Fox Family Worldwide, Inc. 328 F.3d 1136, 1139 (9th Cir. 2003); see also Morrison v. Amway Corp. 323 F.3d 920, 924 n. 5 (11th Cir. 2003); Schwarzer, et al., California Practice Guide: Federal Civil Procedure Before Trial ¶ 9:80, at 9-20 (The Rutter Group 2006).

A motion to dismiss for lack of subject matter jurisdiction may also be based on evidence extrinsic to the complaint.  See Roberts v. Corrothers, 812 F.2d 1173, 1177 (9th Cir. 1987).  This is called a factual attack on jurisdiction.  See Safe Air for Everyone, 373 F.3d at 1039.  A district court is free to hear evidence regarding jurisdiction and to rule on that issue prior to trial, resolving factual disputes where necessary. See id.   In such circumstances, a district court need not presume the truthfulness of a plaintiff's allegations. See Roberts, 812 F.2d at 1177.  If the district court does not hold an evidentiary hearing, however, it should accept as true the factual allegations in the complaint.  See McLachlan v. Bell, 261 F.3d 908, 909 (9th Cir. 2001).

**B.**   **Fed. R. Civ. P. 12(b)(6)**

A motion to dismiss pursuant to Federal Rule Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint.  Fed. R. Civ. P. 12(b)(6); Navarro v. Block, 250 F.3d 729, 731 (9th Cir. 2001).  A court may dismiss a complaint for failure to state a claim when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Navarro, 250 F.3d at 732 (citing Conley); see also Haddock v. Board of

07cv0631

1   <u>Dental Examiners</u>, 777 F.2d 462, 464 (9th Cir.1985) (stating that a court should not

2   dismiss a complaint if it states a claim under any legal theory, even if the plaintiff

3   erroneously relies on a different theory).  Generally, dismissal is proper only when the

4   plaintiff has failed to assert a cognizable legal theory or failed to allege sufficient facts under

5   a cognizable legal theory. <u>See</u> <u>SmileCare Dental Group v. Delta Dental Plan of Cal., Inc.</u>,

6   88 F.3d 780, 782 (9th Cir. 1996); <u>Balisteri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699

7   (9th Cir. 1988).

8       In deciding a motion to dismiss for failure to state a claim, the court's review is

9   limited to the contents of the complaint.  <u>Campanelli v. Bockrath</u>, 100 F.3d 1476, 1479

10  (9th Cir. 1996); <u>Allarcom Pay Television, Ltd. v. General Instrument Corp.</u>, 69 F.3d 381,

11  385 (9th Cir. 1995). The court must accept all factual allegations pled in the complaint as

12  true, and must construe them and draw all reasonable inferences from them in favor of the

13  nonmoving party.  <u>Cahill v. Liberty Mutual Ins. Co.</u>, 80 F.3d 336, 337-38 (9th Cir.1996);

14  <u>Mier v. Owens</u>, 57 F.3d 747, 750 (9th Cir.1995) (citing <u>Usher v. City of Los Angeles</u>, 828

15  F.2d 556, 561 (9th Cir.1987).  In spite of the deference the court is bound to pay to the

16  plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can prove

17  facts which [he or she] has not alleged." <u>Associated General Contractors of California, Inc.</u>

18  <u>v. California State Council of Carpenters</u>, 459 U.S. 519, 526, (1983).  Furthermore, a court

19  is not required to credit conclusory legal allegations cast in the form of factual allegations,

20  "unwarranted deductions of fact, or unreasonable inferences.  <u>Warren v. Fox Family</u>

21  <u>Worldwide, Inc.</u>, 328 F.3d 1136, 1139 (9th Cir. 2003); <u>Sprewell v. Golden State Warriors</u>,

22  266 F.3d 979, 988 (9th Cir. 2001).

23  **II. Subject Matter Jurisdiction**

24      Plaintiffs assert three statutory bases for subject matter jurisdiction: 1) the

25  Administrative Procedure Act ("APA"), 5 U.S.C. § 701 et seq.; 2) the All Writs Act, 28

26  U.S.C. §1651; and 3) mandamus jurisdiction under 28 U.S.C. §1361 and 28 U.S.C. §

27  1331.  Defendants argue that none of the statutes relied upon by Plaintiffs vest the Court

28  with subject matter jurisdiction in this case and Plaintiffs have failed to state a viable claim

1   for relief.

2   **A. Mandamus Jurisdiction**

3      District courts have original jurisdiction over any action in the nature of mandamus

4   to compel an officer or employee of the United States or any agency thereof to perform a

5   duty owed to a Plaintiff. See 28 U.S.C. § 1361. "Mandamus is an extraordinary remedy

6   and is available to compel a federal official to perform a duty only if: (1) the individual's

7   claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so

8   plainly prescribed as to be free from doubt, and (3) no other adequate remedy is available."

9   Kildare v. Saenz, 325 F.3d 1078, 1084 (9th Cir. 2003).

10     Defendants argue that the Court's general grant of jurisdiction under the Mandamus

11  Act is removed by 8 U.S.C. § 1252 because USCIS's duty to adjudicate Plaintiff's

12  adjustment of status application is discretionary.   Motion at 4. Section 245 of the

13  Immigration and Nationality Act ("INA") states:

14       The status of an alien . . . may be adjusted by the Attorney General, in his
         discretion and under such regulations as he may prescribe, to that of an alien
15       lawfully admitted for permanent residence if (1) the alien makes an
         application for such adjustment, (2) the alien is eligible to receive an
16       immigrant visa and is admissible to the United States for permanent
         residence, and (3) an immigrant visa is immediately available to him at the
17       time his application is filed.

18  8 U.S.C. § 1255(a).  Furthermore, Section 242 of the INA states:

19
         Notwithstanding any other provision of law (statutory or nonstatutory),
20       including . . . section[] 1361 . . . no court shall have jurisdiction to review–
         (I) any judgment regarding the granting of relief under section . . . 1255 of
21       this title, or
         (ii) any other decision or action of the Attorney General or the Secretary of
22       Homeland Security the authority for which is specified under this subchapter
         to be in the discretion of the Attorney General or the Secretary of Homeland
23       Security, other than the granting of relief under section 1158(a) of this title.

24     The crux of the Defendant's argument is that a writ of mandamus does not vest this

25  court with jurisdiction, because Congress has statutorily limited jurisdiction regarding alien

26  status applications.   Although they agree that adjudication of adjustment of status

27  applications is mandatory, they argue that the preadjudication process is discretionary and

28  not subject to judicial relief.  Reply at 1.  Plaintiff counters that although the government

may use unlimited discretion when granting or denying an application, there is nothing discretionary about the government's duty to adjudicate an adjustment of status application within a reasonable time frame. Opposition at 2.

There is no Ninth Circuit authority addressing this issue. However, some district courts have concluded that the pace that USCIS adjudicates an adjustment of status application is discretionary, and therefore district courts should not consider whether USCIS is adjudicating an adjustment of status application at a reasonable pace under § 1361. See, e.g., Grinberg v. Swacina, 478 F.Supp.2d 1350, 1352 (S.D. Fla. 2007) ("Sections 242 and 245 of the Immigration and Nationality Act . . . preclude judicial review of any discretionary "decision or action" of the Attorney General in immigration matters includ[ing] the pace at which immigration decisions are made."); Safadi v. Howard, 466 F.Supp.2d 696, 698-700 (E.D. Va. 2006) (§ 1255(a) vests USCIS with discretion over the entire process of adjustment application adjudication, and § 1252(a)(2)(B)(ii) precludes judicial review of any "action," meaning any act or series of acts, included the pace at which that action proceeds, and therefore no jurisdiction under § 1361); Zheng v. Reno, 166 F.Supp.2d 875, 880-81 (S.D.N.Y. 2001) ("Matters within the INS's discretion are not reviewable under the mandamus statute. Thus, courts in this district have repeatedly held that mandamus relief is unavailable for delays in the adjustment process.").

In contrast, other district courts have concluded that courts have jurisdiction to hear a mandamus suit alleging that USCIS was failing to adjudicate an immigration application within a reasonable period of time, because otherwise USCIS could delay adjudicating the application indefinitely, in violation of their nondiscretionary duty to make a decision. See, e.g., Singh v. Still, 470 F.Supp.2d 1064, 1067 (N.D. Cal. 2007) (INS has a nondiscretionary duty to act on an adjustment of status application within a reasonable period of time). These courts have held that while the final decision on the application itself may be discretionary, the duty to reach a decision is not discretionary. See, e.g. Lazli v. United States Citizenship and Immigration Services, 2007 WL 496351, at *2-*4 (D. Or. 2007); Yu v. Brown 36 F.Supp.2d 922, 925 (D.N.M. 1999) (finding jurisdiction where the

07cv0631

1  plaintiff sought writ of mandamus to compel the USCIS to render a decision on an

2  adjustment application); <u>Paunescu v. INS</u>, 76 F.Supp.2d 896, 901(N.D. Ill. 1999) (finding

3  mandamus jurisdiction because three mandamus requirements were satisfied). Specifically,

4  when an individual files an adjustment application, the USCIS has a nondiscretionary and

5  ministerial duty to consider and process the application, even if it ultimately denies the

6  application. <u>See</u> <u>Yu</u>, 36 F.Supp.2d 922 at 931.

7       This Court concludes, in this case, Defendants have successfully challenged the

8  Court's subject matter jurisdiction. They provided the declaration of Victoria Porto

9  ("Porto"),  the District Resolution Officer of the San Diego USCIS office who is familiar

10  with the procedures followed by the USCIS when an alien applies for an adjustment of

11  status. Porto Decl. at ¶ 3.

12       Porto attests that on July 27, 2004, USCIS initiated the background check request

13  with the FBI related to Plaintiff Sayyadinejad's application for an adjustment of status. <u>Id.</u>

14  at ¶ 11. The application is still pending, because the background checks are incomplete

15  and ongoing. <u>Id.</u> Porto explains that since the terrorist attacks on September 11, 2001,

16  there is a need to conduct more rigorous background checks of those who are seeking

17  immigration status. <u>Id.</u> at ¶13. Because this process is more thorough, it sometimes results

18  in the delay of requested documentation and immigration benefits. <u>Id.</u> However, because

19  of public safety, it is imperative that background checks are conducted properly so that the

20  USCIS is fully informed about the applicant who is requesting immigration benefits. <u>Id.</u>

21  Porto declares that once the required security checks are completed, Plaintiff's application

22  will be adjudicated promptly. <u>Id.</u> at ¶ 15.

23       The Court finds that Defendants have provided sufficient evidence to demonstrate

24  that any delay in adjudicating Plaintiff's adjustment of status application is not due to

25  agency inaction, but rather to the time required to resolve all concerns of a law enforcement

26  or national security nature. Accordingly, the Court finds that the USCIS is properly

27  adjudicating Plaintiff's application while counterbalancing the delays in the background

28  check process that the FBI must complete. Therefore, 28 U.S.C. §§ 1331 and 1361 do not

07cv0631

grant the Court jurisdiction in this case to issue a writ of mandamus.

**B. Jurisdiction Under the Administrative Procedure Act**

The APA provides that, "with due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." See 5 U.S.C. § 555(b). Also, "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." See 5 U.S.C. § 702. This includes judicial review to "compel agency action unlawfully withheld or unreasonably delayed." See 5 U.S.C. § 706(1). Plaintiffs assert that the APA provides jurisdiction for the Court to hear their complaint and that it requires that Defendants act within a reasonable time.

The current law makes it clear that "[A] claim under § 706(1) can proceed only where a Plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required to take*." Norton v. S. Utah Wilderness Alliance, 542 U.S. 55, 64 (2004)(emphasis in original). However, there is some disagreement among federal district courts as to whether the APA vests the courts with jurisdiction to compel a government agency to adjudicate an adjustment of status application in a timely manner. Some district courts have ruled that since there is no statutorily mandated time limit associated with the adjustment of status adjudication process, the APA does not extend jurisdiction to the courts. See Rahman v. McElroy 884 F.Supp. 782, 787 (S.D.N.Y. 1995) (APA leaves judicial branch powerless to intervene on matters solely within the INS's discretion); Baider v. Gonzalez 475 F.Supp.2d 1294, 1297 (N.D. Ga. 2006) (The courts have no jurisdiction under the APA when no final agency action has taken place); Grinberg 478 F.Supp.2d 1350 at 1355 (The APA does not supercede the express provisions of 28 U.S.C. § 1252(a)(2)(B)(ii)).

In contrast, other federal district courts have ruled that the APA does allow the courts to compel an agency to act within a certain period of time if the delay is unreasonable. See Xin Liu v. Chertoff, 2007 WL 2433337 (E.D.Cal. 2007) (concluding

"it has subject matter jurisdiction to consider whether the Defendants unreasonably delayed in performing their non-discretionary duty to adjudicate Plaintiffs I-485 applications."); Alkenani v. Barrows, 356 F. Supp. 2d 652, 656-57 (N.D. Tex. 2005)(holding that the APA imposes a nondiscretionary duty upon the USCIS to process an application within a reasonable amount of time); Paunescu v INS, 76 F.Supp.2d 896, 901(N.D.Ill. 1999) (concluding plaintiffs had a right to have their adjustment application adjudicated within a reasonable time). Some courts recognize that while the outcome of an application is left to the discretion of the USCIS, the USCIS does not have the discretion to refuse to adjudicate an application altogether and by necessary implication, the application must be adjudicated within a reasonable period of time. See Liang v. Attorney General of the United States, 2007 WL 3225441 (N.D.Cal. 2007); Liu v. Chertoff, 2007 WL 2023548 (E.D.Cal. 2007). In other words, the discretion given to the USCIS is not unlimited because this would allow the USCIS to delay considering an application indefinitely, which in this context is equivalent to declining to consider an application altogether. See Razaq v. Poulos 2007 WL 61884 (N.D.Cal. 2007).

Defendants argue that the statutory language clearly grants the USCIS discretion to adjust an alien's status and the statute is silent as to a time limit by which the USCIS must adjudicate. Thus, the APA does not provide jurisdiction because the pre-adjudication process is committed to agency discretion and §1252(a)(2)(B) precludes the Court from compelling the USCIS to make such a decision. Motion at 5. Plaintiff Sayyadinejad counters that although it is unclear how quickly the USCIS must adjudicate, they must still act within a reasonable time and that three years gives the Defendants enough time to complete the adjustment of status application. Opposition at 6.

The Court finds that there is no need to determine whether it has jurisdiction under the APA, because in this case, Plaintiff's application has been delayed for a legitimate reason. The adjudication process has taken three years because of the delay

9

of the FBI background checks.  Porto declared that the USCIS will "continue to perform

any outstanding background checks, in cooperation with the FBI, as expeditiously as

possible..." Porto Decl. at ¶ 14.  Porto has also stated that Plaintiff's application will be

adjudicated as soon as possible. Decl. at ¶ 15.  The Court finds the USCIS and FBI are

taking reasonable precautions as public safety requires them to do, and are also doing

everything possible to ensure that the Plaintiff waits no longer than necessary to receive

permanent status.  Accordingly, the APA does not grant the Court subject matter

jurisdiction in this case.

**C. Jurisdiction Under the All Writs Act**

The All Writs Act provides that constitutionally authorized courts "may issue all

writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the

usages and principles of law." See 28 U.S.C. § 1651.   This remedy of mandamus is only

used in exceptional circumstances.  See U.S. v. Ye, 436 F.3d 1117, 1121(9th Cir.

2006).  Only a judicial usurpation of power or a clear abuse of discretion will justify the

invocation of writ of mandamus under the All Writs Act.  Cheney v. U.S. District Court

for District of Columbia. 542 U.S. 367, 380 (2004)(citing Will v. United States 389

U.S. 90, 95 (1967)).  Generally, this extreme basis for relief is used to vacate an order

from a lower court. See Kerr v. U.S. District Court for Northern District of California

426 U.S. 394, 402 (1976). The writ has "traditionally been used in the federal courts

only to confine an inferior court to a lawful exercise of its prescribed jurisdiction ..."

Will 389 U.S. at 95.  The use of the All Writs Act in connection with agency matters

has been even more rare than its use in connection with inferior courts.  Confederated

Tribes v. Bonneville Power Administration 342 F.3d. 924, 930 (9th Cir. 2003).

Although the issuance of writ of mandamus is in large part a matter of discretion with

the court to which the petition is addressed, the circumstances justifying judicial

interference with non-final agency action must be truly extraordinary. See id.

In this case, Plaintiffs are seeking agency action.  Specifically, they seek an order

directing the USCIS adjudicate an adjustment of status application.  Plaintiff

1    Sayyadinejad filed the application on June 25, 2004, and has not received a final
2    decision about the adjudication of the application.  However, the declaration of Porto
3    has revealed that the delay is reasonable and that the USCIS and FBI are working
4    within certain restraints to complete the adjudication of the application.  These types of
5    claims are common, and the Court finds the circumstances of Plaintiffs' claim are not
6    drastic enough to warrant the use of the All Writs Act.  Therefore, this Court lacks
7    jurisdiction to hear this matter.

8                                     **CONCLUSION**

9         For reasons discussed above, **IT IS HEREBY ORDERED** Defendants' motion to
10   dismiss for lack of subject matter jurisdiction is **GRANTED WITHOUT PREJUDICE.**

11

12   DATED:  December 14, 2007

13

14                                    HON. JOHN A. HOUSTON
                                      United States District Judge
15

16

17

18

19

20

21

22

23

24

25

26

27

28

11